UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STONEX FINANCIAL, INC. f/k/a INTL FCSTONE FINANCIAL, INC., <br><br> Petitioner, <br><br> v. <br><br> JOHN A. HARGREAVES, TANVEER AHMAD, and BARRY FIALK, <br><br> Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 23-cv-02498 <br><br> Assigned Judge: <br> Hon. John F. Kness <br><br> Designated Magistrate Judge: <br> Hon. Jeffrey T. Gilbert |

**PETITIONER STONEX FINANCIAL, INC.'S MOTION FOR JUDGMENT CONFIRMING ARBITRATION AWARDS, GRANTING ATTORNEYS' FEES AND COSTS AND ENTRY OF FINAL JUDGMENTS**

Petitioner StoneX Financial, Inc. ("StoneX"), through its undersigned counsel, hereby respectfully moves this Court for entry of an Order confirming the arbitration awards entered in its favor and against Respondents John A. Hargreaves, Tanveer Ahmad and Barry Fialk, for leave to file its Petition for Attorneys' Fees and Costs and Entry of Final Judgments. In support of its Motion, StoneX respectfully states as follows:

1. On January 12, 2023, the NFA delivered arbitration awards (the "Awards") issued by an NFA arbitration panel in favor of StoneX and against Respondent John A. Hargreaves ("Hargreaves") in the amount of $564,920.95 (ECF No. 1, Ex. A), in favor of StoneX against Respondent Dr. Tanveer Ahmad ("Ahmad") in the amount of $421,146.09 (ECF No. 1, Ex. B), and against Respondent Barry Fialk ("Fialk") in the amount of $1,061,352.35 (ECF No. 1, Ex. C).

2. Hargreaves, Ahmad or Fialk have not petitioned any court to vacate or modify any of the Awards.

1

3. On April 20, 2023, more than three months after the Awards were delivered, StoneX filed its Petition to Confirm Arbitration Awards (the "Petition to Confirm," ECF No. 1.)[1]

4. Under the Federal Arbitration Act ("FAA"), petitions to confirm arbitration awards are treated as motions, not pleadings. *See* 9 U.S.C.§§ 6, 9; *see also* Fed. R. Civ. Pro. 81(a)(6)(B). The rules governing motions, rather than rules governing pleadings apply to a petition to confirm an arbitration award. *See e.g. Webster v. A.T. Kearney, Inc.*, 507 F.3d 568 (7th Cir. 2007) (Holding that section 6 of the FAA "preempts the applicability of the Federal Rules in favor of the rules governing motions practice"); *Wellpoint Health Networks, Inc. v. John Hancock Life Ins. Co.*, 547 F. Supp. 2d 899, 901 n.1 (N.D. Ill. 2008), *aff'd sub nom. WellPoint, Inc. v. John Hancock Life Ins. Co.*, 576 F.3d 643 (7th Cir. 2009) ("The FAA provides that a petition to confirm or vacate an arbitral award 'shall be made and heard in the manner provided by law for the making and hearing of motions....' 9 U.S.C. § 6.")

5. A court deciding such a motion must adequately consider the record, which includes any relevant portions of the transcript 'and any written submissions in the form of objections, affidavits, etc. by the parties.'" *Health Serv. Mgmt. Corp. v. Hughes*, 975 F.2d 1253, 1259 (7th Cir.1992)"); *Teamsters Loc. Union No. 705 v. L. Neill Cartage Co.*, No. 19-CV-07176, 2021 WL 4477888, at *1 (N.D. Ill. Sept. 30, 2021) (noting that proceedings to confirm brought under the FAA do not require filings conceived by the Federal Rules of Civil Procedure, "such as a motion for summary judgment" to be filed).

6. In this case, the Court should confirm the Awards, grant StoneX leave to file its petition for attorneys' fees, and enter a judgment on the merits for two reasons.

---

[1] On May 17, 2023, StoneX filed a notice of voluntary dismissal of Respondent Donald Chin, who paid the NFA award entered in favor of StoneX and against Respondent Donald Chin. *See* ECF No. 10.

7. First, Respondents Hargreaves, Ahmad and Fialk were served with StoneX's Petition to Confirm and chose not to respond and chose not to pay the awards. *See* ECF Nos. 7, 8 and 9. As a result, Respondents forfeited their opportunity to present any evidence that would meet their burden to have the Awards vacated, modified or corrected.

8. Second, no motions to vacate, modify or correct the Awards entered in favor of StoneX and against Respondents were filed or served upon StoneX or its attorneys within three months after the awards were delivered by the NFA on January 12, 2023.[2] As such, Respondents Hargreaves, Ahmad and Fialk can no longer seek to vacate, modify or correct the Awards - or oppose confirmation.

9. Under the FAA, "on application for an order confirming the arbitration award, the court 'must grant' the order 'unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.'" *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) (quoting 9 U.S.C. § 12).

10. Section 12 of FAA not only requires that a party file a motion to vacate, modify or correct within three months after an award is filed or delivered, but Congress also mandated that the motion to vacate, modify or correct be served upon the adverse party or his attorney within three months after the award if filed or delivered. *See* 9 U.S.C. § 12.

11. The Awards were delivered by the NFA on January 12, 2023, so the deadline for Respondents to file and serve a petition to vacate, modify or correct the Awards upon StoneX or its attorneys was April 12, 2023. Respondents did not do so and, in accordance with Congress' mandate in 9 U.S.C. § 9, "the court must grant" StoneX's Petition to Confirm and enter an order

---

[2] None of the Respondents served StoneX with any motion to vacate, modify or correct the Awards within the three-month period mandated by Congress in 9 U.S.C § 12.

confirming the Awards. 9 U.S.C. § 9; *see Battles v. Sw. Airlines Co.*, No. 1:18-CV-04822, 2020 WL 6781807, at *1 (N.D. Ill. Nov. 18, 2020) ("arbitration awards are appropriately confirmed after the three-month statutory window to challenge them has expired"); *Hughes Socol Piers Resnick & Dym, Ltd. v. G3 Analytics, LLC*, No. 18 C 2114, 2019 WL 13204377, at *3 (N.D. Ill. Mar. 25, 2019) (noting the "general proposition that a party's defenses in opposition to the confirmation of an arbitration are subject to the three-month window in Section 12 of the FAA"); *see also Cwik v. First Stop Health, LLC*, No. 15 C 6238, 2023 WL 3819332, at *5 (N.D. Ill. June 5, 2023) (finding that motion to vacate was time-barred when filed more than 90 days after arbitration award).

12. Finally, courts have recognized that Rule 55 of the Federal Rules of Civil Procedure does not apply to petitions to confirm an arbitration award. *See D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 107-109 (2nd Cir. 2006) ("Rule 55 does not operate well in the context of a motion to confirm or vacate an arbitration award…[w]e conclude that default judgments in confirmation/vacatur proceedings are generally inappropriate"); *Bishop v. Dalton Kent Sec. Grp., Inc.*, No. 21CIV8957PACSLC, 2022 WL 2307089, at *3 (S.D.N.Y. June 6, 2022), *report and recommendation adopted*, No. 21CV8957PACSLC, 2022 WL 2307742 (S.D.N.Y. June 27, 2022) ("when a petition to confirm an arbitration award is unopposed…district courts treat the application 'as akin to a motion for summary judgment" and not pursuant to Fed. R. Civ. P. 55); *see also Teverbaugh v. Lima One Cap., LLC*, No. CV219MC159KSMTP, 2020 WL 448259, at *1 (S.D. Miss. Jan. 28, 2020) (adopting the holding in *D.H. Blair*); *see also* Fed. R. Civ. Pro. 81(a)(6)(B) and 9 U.S.C. § 6.

13. Even assuming *arguendo* that Fed. R. Civ. P. 55 were to apply, StoneX's Petition to Confirm should be granted, the Awards should be confirmed, and StoneX should be granted

4

leave to file a petition for attorneys' fees and costs. StoneX timely moved for confirmation of the Awards in accordance with the FAA; Respondents were properly served;[3] Respondents failed to bring any timely motion to vacate, modify or correct the Awards; and Respondents presented no evidence in opposition to StoneX's request for confirmation of the Awards, attorneys' fees and costs, and judgment on the Awards.

14. StoneX has incurred attorneys' fees and costs in connection with these proceedings and StoneX is contractually entitled to recover its attorneys' fees and costs from each of these Respondents (Dkt. 1, ¶¶ 72-73). *See StoneX Financial, Inc. f/k/a INTL FCStone Financial, Inc. v. Trembly et al.*, Case No. 23-cv-08 (SLE) (N.D. Ill. Mar. 30, 2023) (ECF No. 23) (confirming NFA arbitration awards in favor of StoneX and against other OptionSellers' clients and awarding StoneX attorneys' fees and costs pursuant to contract, incurred by StoneX in connection with proceedings to confirm NFA arbitration awards); *Ballinasmalla Holding Ltd. v. FCStone Merchant Services, LLC*, No. 19-cv-12254 (PKC), 2019 WL 1569802, *7 (S.D.N.Y. 2019) (awarding attorneys' fees and costs to StoneX's sister company in judicial proceedings to confirm an arbitration award entered in favor of FCStone because the agreement provided for FCStone's recovery of attorneys' fees and costs in enforcing the agreement and collection).

WHEREFORE, StoneX Financial, Inc. respectfully requests that this Honorable Court grant its Petition to Confirm Arbitration Awards, enter an order granting its Petition and confirming the NFA arbitration awards respectively entered in its favor and against Respondents Hargreaves, Ahmad and Fialk and that this Honorable Court grant StoneX Financial, Inc. leave to

---

[3] More specifically, on May 4, 2023, Respondents Hargreaves and Fialk were personally served with the Petition to Confirm, and on May 5, 2023, Respondent Ahmad was personally served with the Petition to Confirm. *See* ECF Nos. 7, 8 and 9. In excess of thirty (30) days have elapsed since Respondents Hargreaves, Ahmad and Fialk were served with the Petition to Confirm and they have not appeared, nor answered or opposed StoneX's Petition to Confirm. As a result, Respondents Hargreaves, Ahmad and Fialk have each admitted the averments in the petition and final judgment may be entered. Fed. R. Civ. P. 55.

file its Petition for Attorneys' Fees and Costs and Entry of Final Judgments by a date certain, together with such other and further relief as is reasonable and just.

Date: July 19, 2023

Respectfully Submitted,
StoneX Financial, Inc.,
f/k/a INTL FCStone Financial, Inc.

By: _/s/ *Brian J. Poronsky*_
Brian J. Poronsky
Zachary M. Schmitz
Katten Muchin Rosenman LLP
525 W Monroe, Chicago IL 60661
(312) 902-5200
Brian.poronsky@katten.com
Zachary.schmitz@katten.com
*Attorneys for StoneX Financial, Inc.,*
*f/k/a INTL FCStone Financial, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2023 a copy of the foregoing was mailed separately to Respondents JOHN A. HARGREAVES, TANVEER AHMAD, and BARRY FIALK at their last known home addresses.

/s/ *Brian J. Poronsky*
Brian J. Poronsky
*Counsel for Petitioner StoneX*