UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STONEX FINANCIAL, INC. f/k/a INTL FCSTONE FINANCIAL, INC., | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. 23-cv-02498 |
| JOHN A. HARGREAVES, TANVEER AHMAD, and BARRY FIALK, | ) ) ) ) | Assigned Judge: Hon. John F. Kness |
| | ) ) | Designated Magistrate Judge: |
| Respondents, | ) | Hon. Jeffrey T. Gilbert |

**PETITIONER STONEX FINANCIAL, INC.'S PETITION FOR
ATTORNEYS' FEES, COSTS AND EXPENSES AND ENTRY OF FINAL JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 54(d) and this Court's Order dated July 25, 2023 (ECF No. 15), Petitioner, StoneX Financial, Inc. f/k/a INTL FCStone Financial, Inc. ("StoneX") petitions this Court for an award of attorneys' fees, costs, and expenses, and entry of final judgment. In support of its Petition, StoneX states as follows:

1. Pursuant to written commodities futures account agreements with StoneX, Respondents John A. Hargreaves ("Hargreaves"), Tanveer Ahmad ("Ahmad") and Barry Fialk ("Fialk") (collectively, "Respondents")[1] each contractually agreed to pay StoneX's attorneys' fees, costs and expenses incurred in connection with this judicial proceeding, which StoneX instituted to confirm National Futures Association ("NFA") arbitration awards that awarded StoneX the amount of unpaid debit balances which Respondents refused to pay.

2. The attorneys' fees, costs and expenses that StoneX seeks were necessary to the confirmation; the time expenditures by StoneX's attorneys are reasonable and consistent with the

---

[1] On May 17, 2023, StoneX filed a notice of voluntary dismissal of Respondent Donald Chin, who paid the NFA award entered in favor of StoneX and against Respondent Donald Chin. *See* ECF No. 10.

-1-

rates for local attorneys with expertise in litigation and arbitration related to financial markets, including commodities futures and options on commodities futures.

3. StoneX requests that:

   a. its Petition for Attorneys' Fees, Costs and Expenses and Entry of Final Judgment be granted;
   b. that StoneX be awarded $23,611.00 in attorneys' fees and $1,856.54 in costs and expenses;
   c. that the attorneys' fees, costs and expenses awarded be allocated evenly between Respondents and entered as part of individual judgments on the NFA arbitration awards in favor of StoneX and against Respondents Hargreaves, Ahmad and Fialk;[2] and
   d. that the Court enter judgments in favor of StoneX and against Respondents Hargreaves, Fialk and Ahmad on the respective NFA Awards, including post-award, pre-judgment interest, attorneys' fees, and costs in the following amounts:

   - Respondent Hargreaves: $601,826.26 ($593,337.25 + $8,489.01)

   - Respondent Ahmad: $47,193.80 ($38,704.79 + $8,489.01)

   - Respondent Fialk: $1,123,228.84 ($1,114,739.83 + $8,489.01)

## **BACKGROUND**

4. The underlying arbitration arose out of disputes involving Respondents' non-discretionary commodities futures trading accounts maintained at StoneX, which only acted as a clearing firm. Each Respondents signed a future account agreement prior to opening those accounts. ECF No. 1 at ¶¶ 12-19; Exhibits F, G, I (the "Futures Trading Account Agreements").

5. In the Futures Trading Account Agreements each Respondent agreed, among other things, to pay to StoneX any debit balances and deficiencies in each of the Respondent's respective commodities futures trading account at StoneX within 24 hours of a demand by StoneX:

---

[2] *Ryan v. Kontrick*, 304 Ill.App.3d 852 (Ill.App.Ct. 1st Dist. 1999) (Vacating award of punitive damages as, under Illinois law, punitive damages may be awarded by an arbitrator only where there is an express provision authorizing such relief in the arbitration agreement and awarding post-award prejudgment interest at the rate of 9% per annum pursuant to 735 ILCS 5/2-1303(a)); *see also Bargenquast v. Nakano Foods, Inc.*, 243 F.Supp.2d 772, 777 (N.D. Ill. 2002) (Awarding post-award prejudgment interest at a rate of nine percent per annum in accordance with 735 ILCS 5/2–1303 and finding that this statute applies to arbitration awards).

> Customer agrees to pay, and authorizes FCM to debit its account for, (i) the amount of any trading loss, debit balance or deficiency in any of Customer's accounts; all FCM commissions and other charges in effect from time to time, …. Customer agrees that all demands for debits owing FCM shall be met within twenty-four (24) hours following either of (i) Customer's receipt of FCM's oral request for payment or (ii) FCM's delivery to Customer of FCM's written request for payment….

ECF No. 1, Exs. F and G at § 9, *see also* Ex. I at §§ 5 and 9.

  6. Pursuant to the Futures Trading Account Agreements executed by Respondents, each of the Respondents also agreed to pay StoneX's attorneys' fees, costs, and expenses in connection with: (a) the enforcement of any provision of the Futures Trading Account Agreement; or (b) any action to collect a debit balance in Respondent's commodities futures trading account:

> **7. Indemnification.**: Customer agrees to indemnify, defend and hold harmless FCM and its directors, officers, employees, and agents from and against any Losses (including reasonable attorneys' fees) caused directly or indirectly by (a) Customer's failure, breach of, or failure to perform any provision of this agreement or refusal to fully and timely comply with any provision of this Agreement or applicable law; … Customer additionally agrees to pay promptly to FCM all reasonable attorney's fees incurred by FCM (i) in the enforcement of any of the provisions of this Agreement….
>
> **9. Debit Balances, Commissions and Other Costs.** If, after such 24-hour period [following StoneX's demand for debit payment] the amount in Customer's account is not sufficient to pay outstanding fees and FCM deems it necessary to take collection action, Customer shall hold FCM harmless for all Losses incurred in connection with such collection and shall reimburse FCM for the debit and all costs incurred, including reasonable attorneys' fees, in connection with such collection actions.
>
> **18. Liquidation of Accounts.** In the event … Customer fails to deposit or maintain required margin or, fails to pay required premiums or fails to make any other payments required hereunder or otherwise in respect of any Commodity Interest," StoneX may take action. "In all cases Customer shall be liable to pay any deficiency remaining in each account after any such action is taken, together with interest thereon and all costs relating to liquidation and collection including reasonable attorneys' fees.

ECF No. 1, Exs. F, G at §§ 7, 9, 18 (Bold in the originals); *see also* Ex. I, §§ 5, 7, 14.

  7. StoneX initiated the underlying arbitration proceedings to collect debit balances that Respondents had refused to pay after receiving a demand from StoneX. Respondents engaged

attorneys who appeared on their behalf in the arbitration; signed NFA claim forms in which each agreed to arbitrate the commodities trading account disputes in accordance with NFA arbitration rules; and responded to the claims asserted by StoneX. ECF No. 1 at ¶¶ 38-46.

8. On January 12, 2023, NFA issued and served Respondents and StoneX with the NFA arbitration awards. In short, the Panel ruled unanimously in favor of StoneX and against Respondents. *Id.* at ¶ 4.

9. The Panel dismissed all of Respondents' claims against StoneX, which acted solely as a clearing firm, and awarded StoneX $564,920.95 in compensatory damages and sanctions from Hargreaves (*id.* at ¶ 51), $421,146.09 in compensatory damages and sanctions from Ahmad (*id.* at ¶ 57), and 1,061,352.35 in compensatory damages and sanctions from Fialk (*id.* at ¶ 53).

10. In accordance with 735 ILCS 5/2-1303(a), StoneX is entitled to post-award pre-judgment interest at a rate of 9% per annum from January 12, 2023 until StoneX receives full payment on the respective award.

11. Respondents Hargreaves, Ahamad and Fialk did not pay any amount or otherwise satisfy the NFA arbitration awards entered in favor of StoneX prior to StoneX filing this action. *Id.* at ¶ 6.

12. StoneX initiated these proceedings to confirm the NFA arbitration awards and to enter judgments against Respondents in order to collect the funds due and owing to StoneX.

13. After StoneX served Respondents with summonses for this action, none of the Respondents filed an appearance in this action.

14. However, Respondent Ahmad, on June 27, 2023, made partial payment of $314,450.00 on the outstanding amount owed, and on July 21, 2023, made a partial payment of $85,958.21 on the outstanding amount owed, but the full amount of his award remains unsatisfied.

15. On July 25, 2023, the Court granted StoneX's Motion for Judgment Confirming Arbitration Awards, Granting Attorneys' Fees and Costs and Entry of Final Judgments and directed StoneX to file a petition for attorneys' fees and costs and entry of final judgment on or before August 4, 2023. (ECF No. 15)

## ARGUMENT

**A.    StoneX's Fees, Costs and Expenses Are Recoverable.**

16. As noted by the Court in its Order dated July 25, 2023 (ECF No. 15), and as explained above, StoneX is contractually entitled to recover its attorneys' fees, costs relating to this judicial proceeding to confirm the NFA arbitration awards entered in its favor of StoneX and against Respondents. *See* ECF No. 1, Exs. F, G at §§ 7, 9, 18; Ex. I, §§ 5, 9, 14.

17. Under these circumstances, this Court has authority to award StoneX these attorneys' fees, costs and expenses. *See StoneX Financial, Inc. f/k/a INTL FCStone Financial, Inc. v. Trembly et al.*, Case No. 23-cv-08 (SLE) (N.D. Ill. Mar. 30, 2023) (ECF No. 23) (awarding StoneX attorneys' fees and costs pursuant to contract, incurred by StoneX in connection with proceedings to confirm NFA arbitration awards entered against other OptionSellers clients); *see also Ballinasmalla Holding Ltd. v. FCStone Merchant Services, LLC*, No. 19-cv-12254 (PKC), 2019 WL 1569802, *7 (S.D.N.Y. 2019) (awarding attorneys' fees and costs in proceedings to confirm arbitration award to FCStone because agreement provided for all attorneys' fees and costs in enforcing the agreement).

**B.    StoneX Is Entitled to All of Its Attorneys' Fees and Costs.**

18. Courts often use the "lodestar" method to determine whether the attorneys' fees sought are reasonable. The "lodestar" total is calculated by multiplying the number of hours

reasonably expended by a reasonable hourly rate. *Eddleman v. Switchcraft, Inc.*, 965 F.2d 422, 424 (7th Cir. 1992); *RKI, Inc. v. Grimes*, 233 F.Supp. 2d 1018 (N.D. Ill. 2002).

19. Here, the number of hours spent in connection with confirming the NFA awards against Respondents was entirely reasonable. StoneX was represented in this judicial proceeding by its longtime counsel, Katten Muchin Rosenman LLP ("Katten"). *See* Exhibit 1, Declaration of Brian J. Poronsky ("Poronsky Decl."), at ¶ 3. Katten has expended a total of 24.9 hours for this matter on behalf of StoneX in support of its efforts to collect the debits owed by Respondents.[3] *See* Exhibit 2, Log of Time Entries. This total reflects time spent drafting and preparing multiple pleadings and/or filings, and preparing for and attending one court hearing.

20. Because Katten had acted as StoneX's co-counsel in the underlying NFA arbitration and because Katten is handling a number of other petitions to confirm similar NFA arbitration awards for StoneX, Katten was able to draft the Petition to Confirm and this Petition for Attorneys' Fees, Costs and Expenses in far less time than it would normally take to draft such filings. Ex. 1, Poronsky Decl. at ¶¶ 9-10. In addition, the Petition to Confirm was filed jointly against all Respondents, as opposed to four separate petitions, which further reduced potentially duplicative efforts.

21. Katten's hourly rates are also entirely reasonable. Reasonable hourly rates are determined by the prevailing market rates in the relevant community. *Lucini Italia Co. v. Grappolini*, 2003 U.S. Dist. Lexis 7134, 57 (N.D. Ill. 2003). The market rate is the rate that lawyers of a similar ability and experience in the community normally charge their paying clients for the type of work in question. *Id*.

---

[3] Katten has not yet billed StoneX for Katten's July 2023 time, but will do so in early August 2023.

22. The rates charged by Katten for this matter are entirely reasonable, and, similar to the rates used by similarly experienced attorneys from co-counsel in the NFA arbitration, Foley & Lardner LLP. Ex. 1, Poronsky Decl. ¶¶ 11-13.

23. Moreover, StoneX has judiciously staffed this matter to be efficient and utilize attorneys with lower billing rates whenever possible. Roughly 98% percent of the work on the Petition to Confirm and subsequent filings and hearings was conducted by non-partners at Katten, whose rates are significantly lower than that of the partner on the matter. *Id.* at ¶ 9.

24. StoneX also seeks $1,856.54 for costs and expenses incurred in connection with this judicial proceeding. *See Id.*, ¶¶ 15-16. These costs and expenses consist of a court-mandated $402 filing fee, $1,226.35 in expenses to locate and serve Respondents, $191.41 in expenses to serve copies of case filings on Respondents, and $36.78 in legal research.

25. The Petition to Confirm was prepared against Respondents who were part of the arbitrations which were consolidated only for purposes of hearing. Moreover, StoneX and its counsel were required to take the same steps—and incur the same costs—in order to file and serve the Petition to Confirm on each Respondent. As the time spent on the Petition was inextricably and evenly allocated to all Respondents, and the costs incurred as to each were identical, equity serves that the attorneys' fees, costs, and expenses should be split evenly between Respondents Hargreaves, Ahmad and Fialk. As a result, StoneX seeks $8,489.01 in combined attorneys' fees, costs, and expenses from Respondent Hargreaves, seeks $8,489.01 in combined attorneys' fees, costs, and expenses from Respondent Fialk, and seeks $8,489.01 in attorneys' fees, costs, and expenses from Respondent Ahmad.

26. The degree of a party's overall success also is critical in determining the reasonableness of a fee award. *Farrar v. Hobby, 506 U.S. 103, 114 (1992).* Here, StoneX achieved

complete success. This Court granted its Petition to Confirm as to the Respondents. *See* ECF No. 15.

27. Because all of the time spent by Katten on this matter was and can be attributed equally to each Respondent, StoneX asks this Court to award its attorneys' fees and costs and allocate those fees and costs evenly against each of the Respondents.

**C.     Final Judgment Should be Entered**

28. On July 25, 2023, the Court granted StoneX's Motion to Confirm NFA arbitration awards and directed StoneX to file a petition for attorneys' fees, costs and entry of final judgment on or before August 4, 2023. (ECF No. 15). In that Order, the Court ordered the NFA arbitration awards should be confirmed and that judgment should be entered as follows:

> The NFA's arbitration award in the amount of $564,920.95 in favor of Petitioner and against John A. Hargreaves is hereby confirmed. The NFA's arbitration award in the amount of $421,146.09 in favor of Petitioner and against Tanveer Ahmad is hereby confirmed. The NFA's arbitration award in the amount of $1,061,352.35 in favor of Petitioner and against Barry Fialk is hereby confirmed.

29. Pursuant to that Order (ECF No. 15), 735 ILCS 5/2-1303(a), and the NFA Arbitration Award entered in favor of StoneX and against Respondent Hargreaves, post-award, pre-judgment interest accrues at the rate of 9% per annum on $564,920.95 beginning on January 12, 2023, through date of entry of judgment. From January 12, 2023, to August 4, 2023, a total of $28,416.30 post-award, prejudgment interest has accrued at the rate of 9% per annum for a total of $593,337.25.

30. Pursuant to that Order (ECF No. 15), 735 ILCS 5/2-1303(a), and the NFA Arbitration Award entered in favor of StoneX and against Respondent Ahmad, post-award, pre-judgment interest accrues at the rate of 9% per annum on $421,146.09 beginning on January 12, 2023, through date of entry of judgment. On June 27, 2023, Respondent Ahmad made partial

payment of $314,450.00 on the outstanding amount owed. From January 12, 2023, to June 27, 2023, a total of $17,238.14 in post-award, prejudgment interest accrued at the rate of 9% per annum. Following application of the $314,450.00 payment, Ahmad's outstanding amount owed amounted to $123,934.23 ($421,146.09 award + $17,238.14 interest = $438,384.23 total owed less $314,450.00 payment on June 27, 2023). On July 21, 2023, Respondent Ahmad made another partial payment of $85,958.21 on the outstanding amount owed. From June 27, 2023 to July 21, 2023, a total of $605.10 in post-award, prejudgment interest accrued at the rate of 9% per annum. Following application of the $85,958.21 payment, Ahmad's outstanding amount owed amounted to $38,581.12 ($123,934.23 outstanding award + $605.10 interest = $124,539.33 total owed less $85,958.21 payment on July 21, 2023). From July 22, 2023 to August 4, 2023, a total of $123.67 post-award, prejudgment interest has accrued at the rate of 9% per annum for a total of $38,704.79.

31. Pursuant to that Order (ECF No. 15), 735 ILCS 5/2-1303(a), and the NFA Arbitration Award entered in favor of StoneX and against Respondent Fialk, post-award, pre-judgment interest accrues at the rate of 9% per annum on $1,061,352.35 beginning on January 12, 2023, through date of entry of judgment. From January 12, 2023, to August 4, 2023, a total of $53,387.48 post-award, prejudgment interest has accrued at the rate of 9% per annum for a total of $1,114,739.83.

## CONCLUSION

32. For all the foregoing reasons, StoneX requests that the Court enter judgments in favor of StoneX and against Respondents Hargreaves, Fialk and Ahmad on the respective NFA Awards, including post-award, pre-judgment interest, attorneys' fees, and costs, in the following amounts:

- Respondent Hargreaves: $601,826.26 ($593,337.25 + $8,489.01)

- Respondent Ahmad: $47,193.80 ($38,704.79 + $8,489.01)

- Respondent Fialk: $1,123,228.84 ($1,114,739.83 + $8,489.01)

Date: August 4, 2023

Respectfully Submitted,
StoneX Financial, Inc.,
f/k/a INTL FCStone Financial, Inc.

By: /s/ *Brian J. Poronsky*
Brian J. Poronsky
Zachary M. Schmitz
Katten Muchin Rosenman LLP
525 W Monroe, Chicago IL 60661
(312) 902-5200
Brian.poronsky@katten.com
Zachary.schmitz@katten.com

*Attorneys for StoneX Financial, Inc.,*
*f/k/a INTL FCStone Financial, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2023 a copy of the foregoing was mailed separately to Respondents JOHN A. HARGREAVES, TANVEER AHMAD, and BARRY FIALK at their last known home addresses.

/s/ *Brian J. Poronsky*
Brian J. Poronsky
*Counsel for Petitioner StoneX*